IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY NORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2933-K-BN |
| | § | |
| TEXAS APPELLATE COURT SYSTEM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anthony Norman, a Texas prisoner, who was neither convicted and sentenced by a state court in this district nor is incarcerated in a prison in this district, made a filing to make this federal district court aware of what he perceives to be "some unlawful activities currently occurring within the Texas Appellate Court System, which are ultimately being imported into the various U.S. District Courts via the Texas Attorney General's Office and its personnel." Dkt. No. 3. This filing was construed as a *pro se* civil rights complaint under 42 U.S.C. § 1983. And United States District Judge Ed Kinkeade referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Norman's construed complaint does not make it clear that he has been injured by the "unlawful activities" alleged. If not, he lacks standing to sue, and this Court lacks subject matter jurisdiction.

"Under the dictates of Article III of the United States Constitution, federal

courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (quoting U.S. CONST. art. III, § 2, cl. 1). And "[t]here is no case or controversy without standing to sue." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Consequently, Article III "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits." *Id.* (citing *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013)).

To obtain "Article III standing, a plaintiff must allege that it has been injured, that the defendant caused the injury, and that the requested relief will redress the injury." *Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 595 (5th Cir. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

"'That triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement,' and [Norman], as 'the party [appearing to] invok[e] federal jurisdiction, bears the burden of establishing its existence.'" *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (cleaned up; quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998)).

But, if Norman does have standing to sue, the Court still lacks subject matter jurisdiction because "Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

This immunity applies here insofar as the "Texas Appellate Court System" is a legal entity capable of being sued – if, for example, Norman is actually suing the Texas Court of Criminal Appeals (the CCA), as "a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (quoting *Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 688-89 (5th Cir. 2002)). "In other words, the Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is 'the real, substantial party in interest.'" *Vogt*, 294 F.3d at 689 (quoting *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999)).

As other Texas federal district courts have found, the CCA is such an entity. *See Poras v. Sanchez*, No. EP-13-CV-248-KC, 2014 WL 2118085, at *8 (W.D. Tex. May 21, 2014) ("Because the Texas Court of Criminal Appeals has not consented to suit and Plaintiff has not set forth a statute in which Congress has clearly and validly abrogated the state's sovereign immunity, the Texas Court of Criminal Appeals has sovereign immunity and cannot be sued in federal court." (citing *Perez*, 307 F.3d at 325; *Banargent v. Tex. Court of Crim. Appeals*, No. A-10-CA-358-SS, 2010 WL 2430766, at *2 (W.D. Tex. June 15, 2010), *rec. adopted*, No. A-10-CA-358-SS, Dkt. No. 16 (W.D. Tex. Mar. 16, 2011))).

This immunity applies equally to Texas's highest civil court, the Texas Supreme Court. And, insofar as Norman may be suing the Texas Attorney General's Office (the AG), this immunity also deprives the Court of subject matter jurisdiction

over claims against the AG. *See El Bey v. Dominguez*, 540 F. Supp. 3d 653, 678 (N.D. Tex. 2020) ("The State of Texas and Texas Attorney General's Office fall squarely within even the narrowest parameters the Supreme Court has imposed on the Eleventh Amendment since 1796." (citation omitted)).

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE